RAILROAD CO. *v.* HART.

**Railroad — Liability for Attorney's Fee in Action for Killing Stock.**
   A plaintiff, in action for damages for killing stock against a railroad company, is not entitled to recover an attorney's fee paid by plaintiff in the prosecution of the suit.[1]

**Same — Affirmance of Judgment — Remittitur.**
   Such judgment will not be affirmed on *remittitur* of the attorneys' fee when it is not clear that the verdict is right on the facts.

Suit by appellee, Hart, against the appellant, the Chicago, St. Louis & New Orleans R. R. Co., to recover damages for the negligent killing of one yoke of oxen.   From a verdict and judgment

---

[1]
   When plaintiff is defeated in a justice court, and, on appeal, recovers judgment in the Circuit Court, he is not entitled to 10 per cent damages, under Code Miss., section 2354; such damages being allowable only where defendant appeals, and plaintiff recovers judgment. Eaton *v.* Barnhill, 68 Miss. 305; 8 So. 849.

   The Act of 1882 (Laws, p. 110), providing that whenever an appeal is taken in an action for damages brought by a citizen of this State against a corporation, attorney's fee for the appellee shall be assessed and included in the judgment if affirmed, such fee on appeal from a justice court not to be less than $15, and on appeal from the Circuit Court not less than $25, is unconstitutional: (1) Because it discriminates between classes of litigants;

for plaintiff for the value of the oxen, and an additional amount of $15 for the attorney's fee paid by plaintiff in the prosecution of the claim, defendant appeals.

APPEALED from Circuit Court, Holmes county, C. H. CAMPBELL, Judge.

(2) because it discriminates against citizens of this State, who may be deterred from appealing in cases against corporations; (3) because, while a minimum is fixed, the fee may be unlimited in amount above that. Railroad Co. v. Moss., 60 Miss. 641.

Section 2577, Code 1880, allowing solicitor's fee to be taxed in cases of partition, is designed particularly for cases in which some of the tenants in common proceed for partition, and the proceeding, not resisted by others, is conducted by the solicitor of the complainant alone, though it is not limited to those. Merely because the defendant engaged his own solicitor, the court should not refuse the allowance; but if there is a real controversy and propriety in defendants being represented by their own counsel, they should not be required to contribute to pay counsel of their adversary. Hoffman v. Smith, 61 Miss. 544.

This statute is not applicable where the partition or sale results as an incident of a suit begun by another than the party who asks the allowance. Hence such fee will not be allowed on a cross-bill, notwithstanding that the original bill seeks a sale for division instead of partition and the answer and cross-bill opposes a sale and asks for partition which is granted. Potts v. Gray, 60 Miss. 57.

The power conferred by section 3119, Code 1892, on the Chancery Court in partition suits to tax a reasonable fee for the solicitor of complainant, should be exercised only where the services of such solicitor were for the common benefit of all the parties. It should not be allowed if there is a real controversy between them, and defendants, in good faith, resist the partition. And where defendants assert a hostile title to a part of the land, it is error, as against them, to tax a fee which includes services in cancelling such claim as well as services in the partition. Neblett v. Neblett, 70 Miss. 572; 12 So, 598.

In each case, it is for the court, on considering all the facts, circumspectly to determine as to the allowance of a solicitor's fee, and if allowable, the amount thereof. Hoffman v. Smith, 61 Miss. 544.

Actual damages are recoverable on an attachment bond when a breach occurs, and counsel fees are embraced. Marqueze v. Sontheimer, 59 Miss. 430; Buckley v. Van Diver, 70 Miss. 622; 12 So. 905.

Where the contest involves the debt, and opposing that successfully defeats the attachment, in a suit on the attachment bond, it is proper to allow as damages attorney's fees for the defense or the original case. Ib.

In case of attachment for an alleged debt of $267, where there have been three trials in the Circuit Court and two appeals, the defendant finally pre-

Reversed and remanded, April 9, 1883.

*Attorneys for appellant, R. A. Anderson, J. E. Gwin, and C. V. Gwin.*

*Attorneys for appellee, Calhoon & Green.*

Brief for appellants is not found in the record.

Brief of Calhoon & Green:

We concede that the judgment, in allowing attorney's fees, was erroneous, but the verdict is good, and with the *remittitur* of attorneys' fees, which we here make, should be affirmed.   The

---

vailing, in a suit on the bond, damages on account of attorney's fees amounting to $150, paid two attorneys for defending the attachment suit, are not excessive, there being evidence to show that the charge was reasonable and the services necessary. *Ib.*

Attorney's fees can be allowed only for defending the attachment issue exclusive of the counter demand for damages; and fees are to be allowed for one firm of lawyers only, unless the jury shall be satisfied by the evidence that the necessities of the case required more than one.   Roach *v.* Brannon, 57 Miss. 490.

In the absence of evidence showing fraud, malice, oppression or wilful wrong on the part of the defendant, the measure of damages, in the event of the plaintiff's recovery in replevin, is the value of the property and interest. And in such a case, attorney's fees or time lost in prosecuting his claim, are not recoverable.   Taylor *v.* Morton, 61 Miss. 24; Cowden *v.* Lockridge, 60 Miss. 385.

The damages which the obligors in an indemnifying bond bind themselves to pay are such as shall result from the seizure of the goods, not to include attorney's fees and other expenses incurred by the latter in defending his title to the property.   Brinker *v.* Leinkauff, 64 Miss. 236; 1 So. 170.

A general allowance of 5 per cent on the amount of the decree cannot be sustained as one for counsel fees, there being no suggestion in writing on the hearing of the motion to dissolve, of the nature and amount of damages as required by section 573, Code 1892.   Fox *v.* Miller, 71 Miss. 598; 14 So. 145.

On dissolution of an injunction to stay a sale under a trust deed, damages are regulated solely by section 572, Code 1892; and, where a sale is not threatened, and by the terms of the trust deed cannot be made for two years, it is error to allow an attorney's fee as damages, no delay or actual damage having resulted from the injunction.   Wynee *v.* Mason, 72 Miss. 424; 18 So. 422.

On appeal from a decree dissolving an injunction and awarding a solicitor's fee as damages, there being no evidence as to this in the record, the court will.

amount of the verdict was $78.12, and to this should be added
the 10 per cent on affirmance of appeal from J. P. Court, and
this sum taken from $93.12, the amount of the judgment, and
judgment entered here for that amount. Such a *remittitur* does
not carry costs. It is a distinct element in the judgment, clearly
separable from the verdict and judgment proper.

This case differs materially from R. R. *v.* Packwood, 59 Miss.
There was no proof of any negligence in that case; the statutory
presumption was alone relied upon by Packwood, which *presumption* was rebutted by proof. In this case, there is not only the
statutory presumption of negligence, but also proof of negligence.
The proof is that the railroad was enclosed between fences and in
a gap in the fence the cattle killed must have entered, and that

presume that it was awarded on parol proof, such proof being competent.
Strong *v.* Harrison, 62 Miss. 61.

The compensation of fees allowable to a wife in a divorce suit is such as
will secure the services of competent counsel, not what may be considered
just as between her and particular counsel. Parker *v.* Parker, 71 Miss. 164;
14 So. 459.

An allowance *pendente lite* should not be on the basis of compensation for
the services of counsel in conducting the suit to an end. It is premature to
assume in advance that the wife will finally succeed and secure permanent
alimony. From time to time, as the cause progresses, allowances should be
made for her expenses of litigation. Parker *v.* Parker, 71 Miss. 164; 14
So. 459.

An allowance of counsel fees for the wife should be made to her, and not
to her counsel direct. Parker *v.* Parker, 71 Miss. 164; 14 So. 459.

Section 582, Code of 1892, providing for compensation to receivers for neces-
sary expenses, refers only to such as are incurred in benefitting or preserving
the estate. Hence, the assignee in a general assignment, acting as receiver,
should be allowed counsel fees incurred in successfully defending the assign-
ment or preserving the assigned property, but not fees incurred in an unsuc-
cessful defense of the assignment against creditors on whose petition it is set
aside as fraudulent. This is so whether the assignment is held void for actual
fraud, or for merely failing to comply with the statutory requirements. Shoe
Co. *v.* Sykes, 72 Miss. 390; 17 So. 171.

The statute (Code 1880, § 2448) which permits the court, in exceptional
cases rendering it proper, to allow to the garnishee reasonable compensation in
addition to per diem and mileage, does not permit the allowance to him of an
attorney's fee for defending an issue made by a traverse of his answer, even
though the traverse was without probable cause or was made wilfully and
unjustly to harass the garnishee. Bernheim *v.* Brogan, 66 Miss. 184; 6 So. 649.

After the answer of a garnishee is filed, and an issue is made thereon, he
thereafter stands as any other litigant in the court defending his own claim

gap was 50 yards from the point of the killing; the road was straight and the steers could have been seen three-quarters of a mile when the train passed, and could have been seen on the side of the track three-quarters of a mile.

The killing occurred about the first of April, one mile north of Pickens; the train got to Pickens between 6:30 and 6:40 P. M.; the engineer says if the cattle had been on the track he would have seen them; that no alarm was sounded, nor was speed checked, and the rate was twenty-five or thirty miles per hour. Thus we have this state of case, cattle within an enclosure, easily to be seen, and notwithstanding the known effect of a train upon them, striking terror through them, the engineer runs his train at the high rate of speed of thirty miles an hour and does not pretend to check up. If the engineer had seen the cattle, this would have

against his adversary, and for such litigation he cannot recover attorney's fees. Bernheim v. Brogan, 66 Miss. 184; 6 So. 649; Senior v. Brogan, 66 Miss. 178; 6 So. 649.

The court under said statute may allow the garnishee the fees of his counsel for preparing his answer; for preparing petition of interpleader where necessary; for securing a proper judgment discharging him; and for advice as to the validity of the judgment against the defendant, but in no case for what may be done after the answer is filed and controverted. Bernheim v. Brogan, 66 Miss. 184; 6 So. 649.

The fees of attorneys employed by certain creditors of an insolvent estate cannot be made a charge upon the fund for distribution, though it was made available by their professional services, and the non-employing creditors were all incidentally benefitted. Rives v. Patty, 74 Miss. 381; 20 So. 862.

Where an injunction by a county to restrain an ejectment suit is partially dissolved, attorney's fees and interest on rents may be decreed against the county. Allen v. Leflore County, 80 Miss. 298; 31 So. 815.

A trustee in a trust deed securing a note allowing attorney's fees held not entitled to such fees on collecting the note by sale under the trust deed. Elkin v. Rives, 82 Miss. 744; 35 So. 200.

Attorney's fees allowed defendant on dissolution of injunction sustained cutting of timber, held reasonable. North Lumber Co. v. Gary, 83 Miss. 640; 36 So. 2.

Attorney's fees are properly allowed against complainant, on dissolving a preliminary injunction restraining the board of supervisors from moving the seat of justice of a county judicial district. Hinton v. Board of Supervisors of Perry Co., 36 So. 565.

Holders of a trust deed in the nature of a chattel mortgage held not entitled to attorney's fees where their own acts rendered it impossible for complainants to pay what was in fact due. Peebles v. Yates, 40 So. 996.

been negligence of commission, but he says he did not see them; granted, then he was not using due care, because it was his duty to be on the lookout for dangers or injuries to property, and if he did not see the cattle, when he should have seen them, this was negligence by omission; and in either state of case it is negligence for which the defendant railroad company was liable.

On the question of whether it was dusk or light, there is conflict of testimony, and this fact was for the determination of the jury, and it may be that, from the manner of the witness in testifying, and this conflict the jury disregarded the testimony of the engineer.

In either aspect the judgment should be affirmed on the verdict.

OPINION.—*Per curiam:*

The case must be reversed because of the allowance of the attorney's fees. We decline to permit the entry of a *remittitur* and grant an affirmance because we are by no means certain that the verdict was right on the facts.

*Reversed and remanded.*